ROYAL J. MANSFIELD, complainant-appellant,

*v.*

FRANK A. KRAUS, defendant-appellee.

[Submitted February term, 1927. Decided May 16th, 1927.]

1. On motion to dismiss a bill of complaint before hearing, all the facts pleaded must be taken as true, and only the bill and its allegations looked to or considered; and the bill should not be dismissed if it presents a case for any relief.

2. A deed absolute on its face but intended by the parties as security for a debt will be treated in equity as a mortgage as between the original parties and subsequent purchasers from the grantee with knowledge or notice of the true character of the deed, and the grantor will be allowed to redeem from either.

3. Since laches is an equitable defense, it will not bar recovery where there is a reasonable excuse for the non-action of a party in making inquiry as to his rights or in asserting them.

On appeal from an order of the court of chancery advised by Vice-Chancellor Lewis, whose opinion is reported in *100 N. J. Eq. 55.*

*Mr. Andrew J. Whinery,* for the appellant.

The opinion of the court was delivered by

HETFIELD, J.

This appeal is by complainant from an order of the court of chancery dismissing the bill of complaint as against Frank A. Kraus, one of the defendants. The case was submitted on briefs, and as the appellee filed no brief, the appeal has been considered on the appellant's brief alone. The facts set out in the bill, and upon which the right to relief is based, are, that on or about December 29th, 1922, the complainant conveyed to the defendant Frank Hammond certain premises in the city of Englewood, county of Bergen, New Jersey, for which he received no consideration. At the time of the execution and delivery of the deed, the complainant

was indebted to the Greenwich Bank, at No. 135 William street, New York City, for moneys loaned, and the property was conveyed to said Hammond, a vice-president of the bank, at the bank's request and demand, as additional collateral security to the bank for advances and loans made to the complainant. Hammond agreed to reconvey the property to complainant upon the payment to the bank of all moneys due. The notes given by complainant to the bank were renewed from time to time, when the bill was filed the bank still held them. The complainant was informed that the defendant Hammond, on or about February 27th, 1926, entered into an agreement with the defendant Frank A. Kraus to sell and convey the property to Kraus for a consideration of twenty thousand ($20,000) dollars, title to pass on April 28th, 1926. When the agreement was made the notes held by the Greenwich Bank were not due and payable, and no demand had been made on the complainant for payment. When the complainant was informed of the agreement of sale, he forwarded a communication to the defendant Kraus, and advised him of the complainant's interest in said premises and that defendant Hammond had no authority or power to convey the property. The complainant, on the 15th day of April, 1926, telephoned the defendant Kraus, and was informed by Kraus that the letter forwarded him regarding the property had been received. The defendant Hammond executed the deed to the defendant Kraus on or about March 2d, 1926, but same was not delivered until April 17th, 1926, irrespective of the fact that the complainant had notified the Greenwich Bank and both defendants of his objection to said transfer. The bill alleges that the delivery of the deed was made on April 17th, 1926, instead of April 28th, 1926, at the special instance and request of the defendant Kraus, for the purpose of effecting said transfer of title to defraud the complainant of his interest to said premises, and to prevent him from establishing his claim thereto prior to said transfer. The bill also states that the conveyance to Hammond was solely for the purpose of securing the Greenwich Bank in its loans or advances to complainant, and that the instrument, although an absolute deed of conveyance in form,

was, in fact, a mortgage given by the complainant to secure to the bank the payment of any moneys which might be due from complainant. The bill further states that after the execution of the agreement between the defendants Hammond and Kraus, Kraus entered into possession and started the erection of a building, which is not as yet completed, but remains in the process of erection.

The bill, in substance, prays that the deed from complainant to Hammond be decreed to be a mortgage covering said premises, to secure the loans or advances made by the bank to complainant. That the defendants Hammond and Kraus be decreed to hold the said premises in trust for the complainant and to re-convey the property to complainant upon the payment by him of such amount or amounts as may be due to the said Greenwich Bank of New York City. That said defendant Kraus be decreed to be a holder of title to said premises with due notice of the rights and interest of the complainant therein. That the defendants be enjoined from proceeding with the erection of said building on said premises.

The motion to dismiss the complainant's bill, in so far as it prays for relief against the defendant Kraus, was based upon the contention that the court had no jurisdiction because the complainant has an adequate remedy in the courts of law, and that the bill of complaint discloses no cause of action, as it appears from the allegations that the complainant has been guilty of laches.

At the argument on the motion, there was nothing before the court for consideration excepting the bill of complaint, therefore, all the facts pleaded must be taken as true, and only the bill and its allegations looked to or considered; and the bill should not be dismissed if it presents a case for any relief. The learned vice-chancellor, in his opinion, among other things, states: "Kraus denied ever having received the letter, and during the course of the argument it appeared that it was addressed to Paterson, New Jersey, when, in fact, Kraus lives at Ridgewood, New Jersey. It was admitted that the letter was mailed to Paterson, New Jersey. In para-

graph eleven complainant says that he communicated with Kraus by telephone and was informed that he had received the letter, but Kraus denies this telephonic communication. * * * Why should Kraus at the outset be compelled to litigate when he had no notice of any arrangement such as the complainant says he had with Hammond? Complainant has remained silent since December 29th, 1922, and the deed to Hammond given at that time was absolutely on its face." We find nothing in the record or bill of complaint to the effect that the defendant Kraus denies the receipt of complainant's letter, as well as receiving the telephone call. The allegations of the bill show ample facts to indicate that Kraus, before taking title, had knowledge and notice of the true character of the deed from complainant to Hammond. The facts as set forth in the bill of complaint are in favor of the charge that the property was pledged as security. and that it was the intention of the parties to create a mortgage. A deed absolute on its face, but intended by the parties as security for a debt, will be treated in equity as a mortgage as between the original parties and subsequent purchasers from the grantee with knowledge or notice of the true character of the deed, and the grantor will be allowed to redeem from either. "The right of a court of equity to declare a deed or bill of sale, which is absolute on its face, to be a mortgage, is clear, as is also the competency of parole evidence to prove the fact. The question turns upon the actual intention of the parties at the time of the transaction." *Papsco* v. *Novak, 94 N. J. Eq. 642.* "Where an absolute conveyance of lands is designed as a mortgage, it will retain its character in the hands of each subsequent purchaser who takes the property with notice of the rights of the parties; and, therefore, if a purchaser from the original grantee had knowledge of the nature of the original transaction, or knowledge of facts sufficient to put him upon inquiry, he cannot claim to be the unconditional owner of the estate, but the mortgagor will have the same right to redeem from him as from the original grantee." *27 Cyc. 1032 § 4.*

The allegations are sufficient on the face of the bill to eliminate the charge of laches. The bill states that when

the agreement of sale was made, no note or obligation given by the complainant to the bank was due or payable, and no demand had been made for payment; and as soon as complainant was informed of the contract of sale between the defendants, he gave notice to Kraus, before title passed, both by letter and telephone, of his interest in the property. Since laches is an equitable defense, it will not bar a recovery where there is a reasonable excuse for the non-action of a party in making inquiry as to his rights or in asserting them. *10 R. C. L. 402 § 149.* "But laches involves something more than mere delay, mere lapse of time. There must be delay for a length of time which, unexplained and unexcused, is unreasonable under the circumstances, and which has been prejudicial to the defendant." *Massie* v. *Asbestos Brake Co., 95 N. J. Eq. 311.*

The order dismissing the bill is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.